UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BYRON H. RUIZ,
and other similarly situated individuals,

    Plaintiff (s),

v.

GO FISH CARGO, INC.,

    Defendant.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BYRON H. RUIZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant GO FISH CARGO, INC. and alleges:

1. This is an action to recover money damages for unpaid overtime wages, and for retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. The Plaintiff BYRON H. RUIZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff was a covered employee for purposes of the Act.

3. Defendant GO FISH CARGO, INC. (hereinafter GO FISH CARGO or Defendant) is a Florida corporation, having its main place of business in Miami-Dade County, Florida. At all times, the Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

4. All the actions raised in this complaint took place in Martin County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. Defendant GO FISH CARGO is a third-party logistics provider, specializing in the fish market. Defendant GO FISH CARGO provides full cold storage, warehousing, transportation, and related services to companies engaged in interstate commerce. Defendant operates the facility at 2536-2598 NW 75th Avenue, Miami Florida, 33122 where the Plaintiff worked.

6. Defendant GO FISH CARGO employed the Plaintiff BYRON H. RUIZ, from approximately from March 26, 2018, to May 28, 2019, or 61weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 17 weeks.

7. From the date of hiring to approximately January 29, 2019, or 44 weeks, Plaintiff was an hourly employee who was paid for overtime hours.

8. From January 30, 2019. to the date of his termination, May 28, 2019, or 17 weeks (the relevant period), Plaintiff was paid a salary of $600.00 weekly, and he was not paid overtime hours.

9. Plaintiff was hired as a non-exempted, full-time, warehouse employee. Plaintiff performed the same duties as many others similarly situated employees, which consisted on general cold storage/warehouse work, such as receiving cargo, counting pieces, icing fish, organizing merchandise in the racks, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage, etc. Plaintiff never performed activities affecting the safety of operation of motor vehicles. Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any

pallet, container, or loose cargo. Plaintiff never performed activities affecting the safety of operation of motor vehicles.

10. During his relevant time of employment, the Plaintiff BYRON H. RUIZ worked more than 40 (forty) hours per week. The Plaintiff was paid a salary regardless of the number of hours worked in a week period, and he was not paid for overtime hours at the mandatory rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

11. Plaintiff had Sundays and Wednesdays off, and he worked 5 days per week. Plaintiff had an irregular schedule, but he usually worked Mondays, Tuesdays, Thursdays, Fridays, and Saturdays, from 8:00 AM to 10:00 PM, and sometimes later. Plaintiff completed every week an average of 70 working hours.

12. Plaintiff did not clock in and out, but he signed bi-weekly timesheets, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. The Plaintiff was paid bi-weekly with checks without any paystub or record showing the real number of days and hours worked, employment taxes withheld, etc.

15. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours. The Plaintiff is going to use

an average of 70 working hours weekly. The Plaintiff will adjust his statement of claim after proper discovery.

16. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained multiple times to Manager Jose Rios. Plaintiff complained about the excessive hours worked and requested to be paid for overtime hours.

17. On or about May 24, 2019, Plaintiff complained about the last time. As a result, on May 28, 2019, the Defendant fired Plaintiff using pretextual reasons.

18. Plaintiff BYRON H. RUIZ seeks to recover unpaid half-time, liquidated damages, retaliatory damages, and any other relief, as allowable by law.

19. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

20. Plaintiff BYRON H. RUIZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff BYRON H. RUIZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked in excess of forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. At all times pertinent to this Complaint, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). the Employer/Defendant operates as a cold storage/warehouse/distribution company that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always, more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a warehouse worker who was directly engaged in interstate commerce by handling and shipping merchandise out of state locations. Thus, Plaintiff was a covered employee for the purpose of the Act. Therefore, there is FLSA individual coverage.

24. Defendant GO FISH CARGO employed the Plaintiff BYRON H. RUIZ, from approximately from March 26, 2018, to May 28, 2019, or 61weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 17 weeks.

25. From the date of hiring to approximately January 29, 2019, or 44 weeks, Plaintiff was an hourly employee who was paid for overtime hours.

26. From January 30, 2019. to the date of his termination, May 28, 2019, or 17 weeks (the relevant period), Plaintiff was paid a salary of $600.00 weekly, and he was not paid overtime hours.

27. During the relevant employment period or 17 weeks, The Plaintiff was a non-exempted, full-time warehouse employee working 5 days per week, an average of 70 hours weekly.

28. The Plaintiff was paid a salary of $600.00 weekly, regardless of the number of hours worked. Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours.

29. Plaintiff did not clock in and out, but he signed bi-weekly timesheets, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. The Plaintiff was paid bi-weekly with checks without any paystub or record showing the real number of days and hours worked, employment taxes withheld, etc.

32. Plaintiff is owed half-time overtime for hours worked in excess of 40, that were paid to him at his regular wage-rate.

33. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours, based on 17 weeks with an average of 70 working hours weekly.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

35. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Two Thousand One Hundred Eighty-Seven Dollars and 90/100 ($2,187.90)

   b. <u>Calculation of such wages</u>:

   Total time of Employment:  61 weeks
   Relevant weeks of employment:  17 weeks
   Total number of hours worked: 70 hours weekly average
   Total overtime hours: 30 weekly average
   Salary: $600.00 weekly:70 hours= $8.58 regular rate
   Regular wage rate: $8.58 an hour x 1.5=$12.87 O/T rate-$8.58 rate paid=$4.29
   Half-time rate: $4.29 difference

   O/T half-time difference $4.29 x 30 O/T hours=$128.70 weekly
   $128.70 x 17 weeks=$2,187.90

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid half-time overtime wages.

37. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked

in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendant GO FISH CARGO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff BYRON H. RUIZ and other similarly situated individuals and against the Defendant GO FISH CARGO, on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff BYRON H. RUIZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BYRON H. RUIZ demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION

41. Plaintiff BYRON H. RUIZ re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

42. Defendant GO FISH CARGO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

43. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a warehouse worker who was directly engaged in interstate commerce by handling and shipping merchandise out of state locations. Thus, Plaintiff was a covered employee for the purpose of the Act. Therefore, there is FLSA individual coverage.

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

45. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

46. Defendant GO FISH CARGO employed the Plaintiff BYRON H. RUIZ, from approximately from March 26, 2018, to May 28, 2019, or 61weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 17 weeks.

47. From the date of hiring to approximately January 29, 2019, or 44 weeks, Plaintiff was an hourly employee who was paid for overtime hours.

48. From January 30, 2019. to the date of his termination, May 28, 2019, or 17 weeks (the relevant period), Plaintiff was paid a salary of $600.00 weekly, and he was not paid overtime hours.

49. During the relevant employment period or 17 weeks, The Plaintiff was a non-exempted, full-time warehouse employee working 5 days per week, an average of 70 hours weekly.

50. When Plaintiff's payment plan changed from hourly to a salary, he was not paid for overtime hours anymore, regardless of the number of hours worked.

51. Plaintiff did not clock in and out, but he signed bi-weekly timesheets, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours.

52. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

53. The Plaintiff was paid bi-weekly with checks without any paystub or record showing the real number of days and hours worked, employment taxes withheld, etc.

54. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained multiple times to Manager Jose Rios. Plaintiff complained about the excessive hours worked and requested to be paid for overtime hours.

55. These complaints constituted protected activity under the Fair Labor Standards Act.

56. On or about May 24, 2019, Plaintiff complained about the lack of payment for overtime hours for the last time. Plaintiff complained to Manager Jose Rios.

57. As a result, on or about May 28, 2019, Defendant terminated Plaintiff using pretextual reasons.

58. At all times during his employment with Defendant, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

59. There is proximity between Plaintiff's protected activity and his termination.

60. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

61. Plaintiff BYRON H. RUIZ seeks to recover overtime wages for every hour more than 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

62. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BYRON H. RUIZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendant GO FISH CARGO, that Plaintiff recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant GO FISH CARGO, to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff BYRON H. RUIZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff BYRON H. RUIZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 04, 2020

Respectfully submitted,


By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*