**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-22322-UU

BYRON H. RUIZ,

    Plaintiff,

v.

GO FISH CARGO, INC.,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case With Prejudice (the "Motion"). D.E. 9. The Court has considered the Motion and the pertinent portions of the record, the terms of the settlement agreement, and is otherwise fully advised in the premises.

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The FLSA requires judicial review of the

reasonableness of counsel's legal fees to assure both that a counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 F.App'x 349, 351 (11th Cir. 2009); *see McHone v. Donal P. Hoekstra Plumbing, Inc.*, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages).

On July 8, 2020, the parties filed the Motion, requesting that the Court approve the parties' settlement agreement. D.E. 9. After careful consideration of the settlement agreement and the claims in this action, the Court finds that the settlement terms – including $4,420 in damages for Plaintiff and $4,330 in separately negotiated attorney's fees and costs – reflect a fair and reasonable compromise of the disputed claims. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 9) is GRANTED. The case is DISMISSED WITH PREJUDICE. The Clerk of Court SHALL administratively close this case. All future hearings and deadlines are CANCELLED, all pending motions are DENIED AS MOOT. The Court will retain jurisdiction to enforce the settlement agreement until **September 11, 2020**.

DONE AND ORDERED in Chambers, Miami, Florida, this 10th day of July, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record